**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ADOLFO ZUL-NIETO,** | ) | |
| **ID # 39840-177,** | ) | |
| **Movant,** | ) | **No. 3:11-CV-3089-L-BH** |
| **vs.** | ) | **No. 3:10-CR-0141-L (4)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **Referred to U.S. Magistrate Judge** |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings,

conclusions, and recommendation.  Based on the relevant findings and applicable law, the *Motion*

*Pursuant to Title 28: U.S.C. 2255 and Request Court to Reduce the Sentence,* filed November 7,

2011 (doc. 1), should be **DENIED** with prejudice.

**I.  BACKGROUND**

Adolfo Zul-Nieto (Movant) challenges his federal conviction and sentence in Cause No.

3:10-CR-141-L and requests reduction of his sentence.  The respondent is the United States of

America (Government).

**A.**     **Plea and Sentencing**

Movant was charged by superseding information with the unlawful transfer of authentication

features in violation of 18 U.S.C. § 1028(a)(5).  (*See* Information).  On August 17, 2010, he pled

guilty pursuant to a plea agreement.  (*See* docs. 48, 71).[1]  In the plea agreement, he waived the right

to contest his conviction and sentence in any direct appeal or collateral proceeding, except to bring

a direct appeal challenging his sentence as either exceeding the statutory maximum punishment or

having been calculated by way of an arithmetic error or to challenge the voluntariness of his plea

---

[1]   All document numbers refer to the docket number assigned in the underlying criminal action.

or waiver and to bring a claim of ineffective assistance of counsel. (doc. 48 at 5-6).  Movant acknowledged this waiver during the rearraignment hearing.  (doc. 146 at 21).  He also signed a factual resume admitting facts sufficient to support his plea.  (*See* doc. 49).

The probation office prepared a pre-sentence report (PSR) that calculated his total offense level, including a three-level downward departure for acceptance of responsibility, as 17, with a guideline range of imprisonment from 30 to 37 months.   At the sentencing hearing on January 31, 2011, the district court adopted the PSR and granted a motion filed by the government for an additional two-level reduction in offense level due to movant's substantial assistance in the investigation and prosecution of others.  This resulted in a sentencing guideline of 24 to 30 months. (doc. 147 at 4-6).  The district court sentenced movant to 27 months' imprisonment, to be followed by two years supervised release, and entered judgment.  (*See* Judgment, doc. 138).  Movant did not appeal his conviction and sentence.

**B.    Substantive Claims**

Movant asserts the following claims:

(1)  his guilty plea was involuntary because the plea colloquy was insufficient and because the government threatened to prosecute him if he did not plead guilty and waive his right to appeal (Mot. at 4, 8);

(2)   trial attorney rendered ineffective assistance of counsel by failing to conduct a reasonable investigation and by coercing movant into pleading guilty with the promise of a lower sentence (Mot. at 7-8, 12); and

(3) the district court erred by not considering the factors listed in 18 U.S.C. § 3553(a) when sentencing movant and by sentencing movant to an unreasonable sentence (Mot. at 5, 10).

He also contends that his sentence should be lowered because he provided substantial assistance to the government and his role in the offense was minimal. (Mot. at 5-7).  The Government filed a response brief  on April 6, 2012  (*See* Resp. Opp'n Mot. ("Resp.")).  Movant did not file a reply.

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).  It is well established that "a collateral challenge may not do service for an appeal."  *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review.  *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).  Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232.  However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003).  The Government may also waive the procedural bar defense.  *Willis*, 273 F.3d at 597.

## III.  VOLUNTARINESS OF PLEA

Movant first asserts that his plea was involuntary because the Rule 11 plea colloquy was insufficient to advise him of the ramifications of pleading guilty and because the government threatened to prosecute him if he did not plead guilty.

A plea of guilty waives a number of constitutional rights.  *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969).  Consequently, "the Constitution

insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *Ruiz*, 536 U.S. at 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *accord Bousley v. United States*, 523 U.S. 614, 618 (1998) (a plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent'") (quoting *Brady*, 397 U.S. at 748). A plea induced by threats, improper promises, deception, or misrepresentation is not voluntary. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

"*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 368 n.22 (5th Cir. 2000). Rule 11 of the Federal Rules of Criminal Procedure provides procedural safeguards for assuring that guilty pleas are entered voluntarily and knowingly. It requires "a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." *United States v. Vonn*, 535 U.S. 55, 62 (2002). "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them." *Id.* at 78 (Stevens, J., concurring). A determination of whether a defendant understands the consequences

of his guilty plea does not require a trial court to determine that the defendant has a perfect under-standing of the consequences, however.  The Court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea.  *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993) (recognizing that one of the core concerns behind Rule 11 is "a realistic understanding of the consequences of a guilty plea").  Compliance with the admonishments required under Fed. R. Crim. P. 11 provides "prophylactic protection for the constitutional rights involved in the entry of a guilty plea."  *Id.* at 627.

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'"  *Fischer v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749).  Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic under-standing of the consequences of a guilty plea."  *Gracia*, 983 F.2d at 627-28.  A realistic under-standing of the consequences of a guilty plea means that the defendant knows the "the immediate and automatic consequences of that plea such as the maximum sentence length or fine."  *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002).  "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review."  *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (*en banc*), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

Movant asserts generally that his guilty plea was involuntary because the magistrate judge did not follow the requirements of Rule 11 and because the government threatened him with prosecution if he did not plead guilty.  Movant does not specify how the Rule 11 requirements were not followed.  The record from his rearraignment hearing reflects that the magistrate judge made all the admonishments required by Rule 11(b), including informing movant of all of the rights he was

5

waiving, the charge against him, the essential elements of the charge to which he was pleading, the maximum penalty, the determination of the applicable sentencing guideline by the court and its ability to depart from it, and the possibility of deportation or other consequences.  After determining that movant had read the agreement before he signed it and understood the contents, the magistrate judge also summarized the contents of the plea agreement, including the waiver of the right to appeal.  Movant stated on the record that he understood all of this information.  (doc. 146 at 2-4, 9-22).  In addition, movant stated on the record that no one had mentally, physically, or in any other way attempted to force him to plead guilty. (doc. 146 at 18-19).

Inmates who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court.  *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).  They must also overcome the presumption of regularity and "great weight" accorded court records.  *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity").

Movant has not overcome his own sworn statements or the court record itself, and they reflect that he was not coerced into pleading guilty, that he understood the charge against him, and that he understood the consequences of his guilty plea.  Although he characterizes the government's admonishment that it would prosecute him if he did not plead guilty to the information as a "threat", the agreed facts recited in the factual resume demonstrate that the government had sufficient evidence to charge him by indictment.  It was not required to afford movant the opportunity to

negotiate a plea agreement whereby he would plead guilty to an information prior to indictment, and he benefitted from this opportunity. His guilty plea was voluntary, and this ground is therefore without merit.

## IV. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Movant next claims that his trial attorney failed to conduct a reasonable investigation and coerced him into pleading guilty with the promise of a lower sentence.

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies when a prisoner alleges denial of effective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).

When a prisoner challenges his plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 58. To satisfy this requirement in the plea context, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error

[of counsel] the petitioner has established *Strickland* prejudice"). The second prong of *Strickland* is not satisfied by mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are also insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

Movant does not specify how the investigation performed by counsel was deficient. A movant 'must allege with specificity what the investigation would have revealed and how it would have altered the outcome' of the proceeding." *Potts v. United States*, 566 F. Supp. 2d 525, 537 (N.D. Tex. 2008) (accepting recommendation of Mag. J.) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)). Because he fails to do so, this claim fails. As for his assertion that his attorney promised him a lower sentence, at rearraignment the magistrate judge informed movant that his sentence would be decided by the district judge, and that he should not rely on any promise by his attorney as to what the punishment would be. (doc. 146 at 11-12). Movant stated that he understood this, that he had discussed the sentencing guidelines with his attorney, and that no one had made any promise or assurance in an effort to have him plead guilty. *Id*. at 12, 17, 18. Movant has not overcome the presumption of veracity given to his sworn statements at his plea hearing that he was not promised any particular sentence. Moreover, he was specifically informed that the district judge would decide his sentence. Movant's claims of ineffective assistance of trial counsel should be denied.

## V. DISTRICT COURT ERRORS

Movant also asserts that the district court erred by not considering the factors listed in §

3553(a) and for sentencing him to an unreasonable sentence.   When he pled guilty, movant voluntarily waived his right to collaterally attack his conviction, except for claims challenging the voluntariness of his plea and waiver and ineffective assistance of counsel.   (*See* doc. 48 at 4-5). Generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam), *accord United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).   "A defendant's waiver of [his or] her right to appeal is not informed if the defendant does not know the possible consequences of [the] decision." *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992).

The record reflects that movant understood the consequences of his appeal waiver.   As such, he has waived any right to challenge alleged sentencing errors.

## VI.  SENTENCE REDUCTION

In his motion, movant asserts that he should be granted a sentenced reduction under either Rule 35 or USSG § 5K1.1 or a safety valve because he provided substantial assistance to the government by disclosing information he knew about the criminal activities of others and because his role was a minor one. (Mot. at 6).

Movant was granted a three-level reduction in the sentencing guideline based on his acceptance of responsibility and an additional two-level reduction for his substantial cooperation with the government. (doc. 147 at 4-6).  He did not plead guilty to a conspiracy, so he would not be entitled to a reduction in sentence for being a minor participant in a conspiracy.  *See United States v. Atanda*, 60 F.3d 196, 199 (5th Cir. 1995).  Movant has failed to allege facts to support his claim that he is entitled to any additional reduction in sentence, and his request should be denied.

## VII.  EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary

hearing appears unnecessary. No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that movant is entitled to no relief.

## VIII. RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice. Movant's motion for a reduction in sentence should also be **DENIED**.

**SIGNED this 10th day of August, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE